FILED
United States Court of Appeals
Tenth Circuit

April 28, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff–Appellee,

v.

BRYAN COMMANCHE,

      Defendant–Appellant.

No. 10-2158
(D.C. No. 1:06-CR-00496-JEC-1)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **EBEL**, and **GORSUCH**, Circuit Judges.

Bryan Commanche appeals the district court's calculation of his sentence, arguing the court erred in applying United States Sentencing Guideline § 2A2.2(b)(2)(B), an enhancement for the use of a dangerous weapon. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

## I

This is Commanche's second appeal. He was initially convicted on two counts of assault resulting in serious bodily injury. However, the jury in his first trial found Commanche not guilty on two counts of assault with a dangerous weapon. We reversed the convictions and remanded for a new trial. United States v. Commanche, 577 F.3d 1261 (10th Cir. 2009). The facts of the case are detailed in our earlier decision. Id. at 1263-66.

Following remand, Commanche was retried on two counts for assault resulting in serious bodily injury in violation of 18 U.S.C. §§ 1153 & 113(a)(6). During trial, Commanche testified that he used a small plastic-sheathed box cutter during his fight with the victims. The victims testified that Commanche cut them with a sharp object. A medical expert who treated the victims testified that the cuts sustained by the victims resulted in "extreme physical pain" and posed a substantial risk of death.

The jury at the second trial returned a guilty verdict on both counts. At sentencing, Commanche renewed an objection—raised initially during his first sentencing—to the Pre-Sentence Investigation Report's recommendation that his offense level be increased four levels for use of a dangerous weapon pursuant to U.S.S.G. § 2A2.2(b)(2)(B). The district court adopted the recommendation and applied the four-level enhancement over Commanche's objection. Commanche timely appealed.

## II

We review the district court's legal conclusions de novo and its factual findings for clear error. United States v. Wolfe, 435 F.3d 1289, 1295 (10th Cir. 2006). A

dangerous weapon is defined in part by a Guidelines application note as "an instrument capable of inflicting death or serious bodily injury."  U.S.S.G. § 1B1.1, app. n.1(D).

Commanche argues that the district court should have applied a clear and convincing evidence standard to its determination that Commanche used a dangerous weapon, and contends the evidence fell short of this standard.  He cites United States v. Watts, 519 U.S. 148, 156-57 (1997), for the proposition that a higher evidentiary standard may be appropriate if:  (1) a defendant was acquitted of the conduct underlying the sentencing enhancement; and (2) the enhancement dramatically increases the defendant's sentence.  Watts did not contain such a holding, although it acknowledged that some circuit courts had crafted an exception to the general preponderance of the evidence standard applicable to most sentencing determinations.  Id. at 156 n.2.

Regardless of the proper standard, the evidence presented at trial clearly and convincingly showed that Commanche used a dangerous weapon.  Commanche himself admitted that he used a box cutter which contained a metal razor blade.  Expert testimony at trial further indicated that the cuts to the victims could have caused death and did, in fact, cause serious bodily injury.  The district court did not err in applying the enhancement.

**III**

**AFFIRMED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge

-3-